105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re FENNEL CREEK INC.; Canyon Falls Creek, Inc., Debtors.
Richard BUTKO; Anne Butko, Appellants,
v.
Geoffrey GROSHONG; The Linkem Group Rekacantik Berhad; Soh
Chee Wen; Ho Seng Chuan; Sawyer Falls Co., Appellees.
 No. 95-36002.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1996.*
Decided Dec. 18, 1996.
 
 Before: NOONAN, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Butkos failed to obtain a stay of the sale pending appeal. Their appeal is therefore moot. See 11 U.S.C. § 363(m); Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1423 (9th Cir.1985).
 
 
 3
 The Butkos attempt to avoid the impact of this rule by contending that the sale was not negotiated in good faith. In particular, they claim that the Trustee and the Rekacantik group colluded to shut out competing offers on the property. However, the Trustee did entertain another offer, but determined it was inferior to the Rekacantik offer. The bankruptcy court specifically found that the Trustee had not colluded with anyone else for the purpose of restricting offers, and the Butkos have not shown that this finding was clearly erroneous.
 
 
 4
 Finally, the Butkos argue that they could have shown the error in the court's finding if they had been permitted to present, under FRAP 10(c), a reconstruction of the Trustee's testimony. The district court dismissed the Butkos' appeal while their motion was pending to supplement the appellate record. The Butkos have not submitted affidavits or other evidence of what the reconstruction would show, and so far as their arguments indicate, the reconstruction would show nothing different from the facts not disputed. It was never disputed that the Trustee was primarily focused on evaluating the Rekacantik offer, and was considering other offers only as backups. Indeed, the bankruptcy court specifically authorized the Trustee to proceed in this manner. The Butkos have therefore not shown, under Bergerco, U.S.A. v. Shipping Corp. of India, 896 F.2d 1210 (9th Cir.1990), that the district court erred by dismissing their appeal without allowing them to reconstruct the Trustee's testimony.
 
 
 5
 The district court's dismissal of the Butkos' appeal is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3